UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERLOCK HOLMES MOBILE HOMES
INC.,

    Plaintiff,

  v.

THE CINCINNATI INSURANCE
COMPANY,

    Defendant.

Case No. 07-cv-493-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on The Cincinnati Insurance Company's notice of removal (Doc. 2). The Court raises *sua sponte* whether the Defendant has properly pleaded the Court's jurisdiction to hear the case.

Plaintiff, Sherlock Holmes Mobile Homes Inc., is currently being sued in Illinois State Court for $317,435.00 by a customer, Wyonna Murphy. Sherlock brought this declaratory action in Illinois State Court against Cincinnati to demand that it represent it in the Murphy lawsuit, pursuant to an insurance contract between the parties (Doc. 2, Exh. 1). Cincinnati denies it owes any responsibility to Sherlock for the issues in Murphy's complaint. Additionally, Cincinnati has filed a counterclaim seeking a declaration regarding its insurance coverage relating to Murphy's lawsuit against Sherlock (Doc. 7).

Cincinnati removed this action under 28 U.S.C. § 1441(a). Cincinnati's basis for removal is diversity of citizenship. *See* 28 U.S.C. § 1332. Cincinnati states it is an "Ohio corporation licensed to do business in Illinois" (Doc. 7, ¶4), and that Sherlock "is a Delaware corporation with

its principal place of business in Illinois." (*Id*. at ¶3).

## ANALYSIS

The Court has an independent obligation to ensure that subject matter jurisdiction exists. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 991 (7th Cir. 2007). The party invoking federal jurisdiction "bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop "N Save Warehouse Foods, Inc*., 110 F.3d 424, 427 (7th Cir. 1997). Cincinnati has met its burden regarding the amount in controversy. The lawsuit that Sherlock is trying to force Cincinnati into includes alleged damages of $317,435.00.

The problem is that Cincinnati has not adequately pled diversity of citizenship. A corporation is deemed a citizen of the state where it is incorporated and of its principal place of business. 28 U.S.C. § 1332(c)(1). Diversity jurisdiction requires the plaintiff's citizenship to be completely diverse from the defendant's citizenship. *See Hart v. FedEx Ground Package System Inc*., 457 F.3d 675, 676 (7th Cir. 2006). Here, Cincinnati has stated it is a citizen of Ohio because it is incorporated there. However, it has not stated where its principal place of business is located. Cincinnati has only stated that it is licensed to do business in Illinois. To determine if subject matter jurisdiction exists under § 1332, this Court must know if Cincinnati's principal place of business is also Ohio or if it is in another state.

## CONCLUSION

For this reason, the Court **DIRECTS** the Defendant, The Cincinnati Insurance Company, to **AMEND** its notice of removal to clearly state the citizenship of all the parties in this action. Defendant has fifteen (15) days to file the amended notice of removal. If Defendant fails to correct this and any other jurisdictional defect, the Court will remand this action to state court.

**IT IS SO ORDERED.**
**DATED: July 24, 2007**

                                                     **s/ J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**